**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LILIAN GUADALUPE PEREZ-GOMEZ,<br>Petitioner,<br>v.<br>FERETI SEMAIA, ETC., ET AL.,<br>Respondents. | No. ED CV 26-5715-E<br><br>ORDER FOR ENTRY OF JUDGMENT |

**PROCEEDINGS**

Petitioner, a detainee of Immigration and Customs Enforcement ("ICE"), filed a "Petition for a Writ of Habeas Corpus, etc." ("the Petition") on September 28, 2026. The Petition seeks, inter alia, immediate release from detention on reasonable conditions. Respondents failed to file any timely Answer to the Petition.[1]

///

///

///

---

[1] This failure may not have been accidental. At a September 8, 2026 meeting of the Magistrate Judges of this Court, the Chief Magistrate Judge reported that the United States Attorney's Office has decided that it will file nothing in response to some immigration-related habeas corpus petitions, notwithstanding General Order 26-05 ("The Court hereby directs Respondents to show cause why the writ of habeas corpus should not be granted").

## BACKGROUND

Petitioner is a native and citizen of El Salvador who entered the United States in March of 2004 and was then released on her own recognizance. On May 27, 2004, an immigration judge issued an in absentia order of removal.

Petitioner has built a substantial life in the United States. She married, raised two children, maintained employment, filed federal and California tax returns, and became a member of her church. She has no criminal record. The Government has been aware of Petitioner's residence location since at least 2024, but allowed her to remain at liberty.

Then, on May 14, 2026, agents of ICE detained Petitioner. Subsequently, ICE refused to re-release Petitioner, claiming that she lacks "any significant ties to the community."

## DISCUSSION

Respondents failed to file a timely Answer. However, habeas relief may not properly issue as a consequence of a respondent's default. See, e.g., Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990); Hinkson v. Copenhaver, 2014 WL 1255922, at *1-2 (E.D. Cal. Mar. 25, 2014). To obtain federal habeas relief, a petitioner must show that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." See Rasul v. Bush, 542 U.S. 466, 473 (2004); 28 U.S.C. §§ 2241(a), (c)(3). "It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States." Snook v. Wood, 89 F.3d 605, 609 (9th Cir. 1996) (citation omitted).

Section 1231 of Title 8 U.S.C. governs the detention of noncitizens who have been ordered removed from the United States. See Fernandez v. Scott, 2026 WL 607761, at *3 (W.D. Wash. Mar. 4, 2026). Detention is mandatory during a 90-day "removal period." See

id.; 8 U.S.C. § 1231(a)(1), (2). After this removal period, the Government may continue to detain the noncitizen, but "the post-removal-period detention scheme contains an implicit 'reasonable time' limitation." Lieu v. Noem, 2026 WL 712952, at *3 (C.D. Cal. March 10, 2026) (citing and quoting Zadvydas v. Davis, 533 U.S. 678, 682 (2001).

Under the circumstances presented, Petitioner has demonstrated at least a prima facie case that her current ICE detention now falls outside the "implicit reasonable time limitation" for "post-removal-period detention." Respondents do not contend otherwise.

## CONCLUSION

For all of the foregoing reasons, the Petition is granted in part. Respondents are ordered to release Petitioner (A# 098-042-367) from detention immediately, subject to reasonable conditions of supervision.[2]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 7, 2026

CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] Petitioner has failed to justify any additional or different form of habeas relief.